## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 21 2019, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

John S. Terry
Daniel J. Pfleging
Cate, Terry & Gookins LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth Lamar Scott, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 21, 2019 <br><br> Court of Appeals Case No. 19A-CR-29 <br><br> Appeal from the Hamilton Circuit Court <br><br> The Honorable Paul A. Felix, Judge <br><br> Trial Court Cause No. 29C01-1506-F5-5083 |

**Bradford, Judge.**

# Case Summary

On April 9, 2018, Kenneth Lamar Scott was placed on probation following his 2015 conviction for Level 5 felony robbery. Within approximately five months of his being placed on probation, the State alleged, in two separate filings, that Scott had violated the terms of his probation. Although Scott initially indicated that he intended to hire counsel, counsel was appointed to represent him on September 13, 2018. One week later, the trial court conducted an evidentiary hearing, during which Scott, by counsel, indicated that he was ready to proceed and that he intended to admit to some of the alleged violations. After accepting Scott's admissions, the trial court revoked his probation and ordered that he serve 580 days of his previously-suspended sentence. On appeal, Scott contends that the trial court denied him due process by failing to ascertain whether he had had an opportunity to discuss the case with his counsel prior to entering his admissions. Because the record clearly indicates that Scott both had the opportunity to and did discuss his case with counsel, we cannot say that the trial court denied Scott due process by accepting his admissions. We therefore affirm.

# Facts and Procedural History

On June 8, 2015, Scott robbed a CVS store and threatened to shoot a CVS employee. On July 30, 2015, Scott pled guilty to Level 5 felony robbery. He was subsequently sentenced to a term of six years with four years executed, two years suspended, and one year on probation. Among the terms of his

probation, Scott was required to report to the probation department as directed; cooperate with and truthfully answer all reasonable inquiries of his probation officer; refrain from consuming or possessing any illegal drug, unless he had a valid prescription; submit to drug and alcohol testing when ordered by the probation department; and comply with and satisfactorily complete "all education and/or treatment programs reasonably related to [his] rehabilitation." Appellant's App. Vol. II p. 21. Scott began serving his probation on April 9, 2018.

[3] On June 15, 2018, the State filed an allegation of probation violation ("the First Information"), alleging that Scott had violated the terms of his probation by being dishonest with his probation officer regarding his use of illegal drugs and testing positive for morphine, oxycodone, oxymorphone, and nor-buprenorphine. The trial court conducted an initial hearing on the First Information on August 16, 2018. During this hearing, the trial court informed Scott that he had the "right to have an attorney represent [him] in these matters" and Scott indicated that he intended to hire an attorney. Tr. Vol. II p. 4. The trial court scheduled the matter for a fact-finding hearing on September 20, 2018.

[4] On September 10, 2018, the State filed a second allegation of a probation violation ("the Second Information"), alleging that Scott had violated the terms of his probation by failing to report to his probation officer; being dishonest with his probation officer regarding his drug use; testing positive for cocaine, codeine, morphine, oxycodone, oxymorphone, buprenorphine, and nor-

buprenorphine; and failing to provide documentation indicating that he had participated in the court-ordered substance abuse assessment. The trial court conducted an initial hearing on the Second Information on September 13, 2018. During this hearing, the trial court again told Scott that he had the right to have an attorney represent him and asked Scott "[s]o do you want an attorney to represent you on both of these allegations, in all [of] these allegations?" Tr. Vol. II p. 17. Scott responded, "Yeah." Tr. Vol. II p. 17. The trial court appointed counsel, stating:

> I will reappoint[1] [counsel] to represent you on these matters. Because I have appointed him I will enter a denial on these, on all these allegations today. We'll go ahead and schedule the fact-finding for next week. The First Information is set for next week. We'll just leave it set and give [counsel] an opportunity to talk to Mr. Scott.

Tr. Vol. II p. 18.

[5]     Prior to the beginning of the September 20, 2018 evidentiary hearing, the trial court informed the parties that "there was no pressure to go forward with the fact-finding hearing" on that date. Appellant's App. Vol. II p. 38–39 (internal quotation marks omitted). The trial court also noted on the record that

> And we set the fact-finding on the First Information for today's date, and then since the second one happened just prior to the fact-finding date, we went ahead and consolidated them. But

---

[1] The trial court appointed the same individual to represent Scott who had represented him in the underlying criminal proceedings.

please don't feel like you're under any pressure to actually do a fact-finding on the Second [Information] anyway today. And if you want to continue both, then I'll understand that as well.

Tr. Vol. II pp. 21–22. Despite the trial court's offer to continue the evidentiary hearing, Scott's counsel indicated that they wished to proceed because "Mr. Scott is actually anxious to get these resolved." Tr. Vol. II p. 22. Scott then admitted to all of the violations included in the First Information and most of the violations included in the Second Information. The State indicated that it was satisfied with Scott's admissions and that it was prepared to "just go on the ones that he's going to admit." Tr. Vol. II p. 22. The trial court accepted Scott's admissions, revoked his probation, and ordered that he serve 580 days of his previously-suspended sentence. Scott subsequently filed a motion to correct error, which was denied by the trial court.

# Discussion and Decision

[6] Scott contends that the trial court denied him due process by failing to ascertain whether he had had the opportunity to consult with an attorney prior to accepting his admission to the probation violations. In support, Scott cites to Indiana Code section 35-38-2-3(e) which reads, in relevant part, that "A person may admit to a violation of probation and waive the right to a probation violation hearing after being offered the opportunity to consult with an attorney."

[7] In this case, the record reflects that Scott was appointed counsel a week prior to the evidentiary hearing. The record further reflects that Scott had both the opportunity to and did confer with his counsel prior to entering his admissions. During the evidentiary hearing, Scott's counsel rejected the offered continuance and informed the trial court that Scott was anxious to resolve the matters, intended to admit to some of the alleged violations, and intended to deny some of the alleged violations. One may reasonably infer from the record that Scott's counsel made these statements relating to Scott's mindset and intentions after discussing the matter with Scott. Despite Scott's claim on appeal, we see no need for the trial court to explicitly inquire into whether Scott had discussed the matter with counsel when the record clearly indicates that Scott had done so. As such, we conclude that Scott has failed to prove that the trial court denied him due process by failing to ascertain whether he had the opportunity to consult with counsel prior to the evidentiary hearing.[2]

[8] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.

---

[2] To the extent that Scott argues that he should have been given more time to discuss the matter with his counsel, the record reveals that the trial court offered Scott a continuance of the evidentiary hearing but that Scott, by counsel, rejected the offered continuance.